```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


CINDY DANIELS,                      )
                                    )
              Plaintiff,            )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No. 05-2082-JWL-JTR
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social Security,    )
                                    )
              Defendant.            )
_____)
```

**RECOMMENDATION AND REPORT**

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  The matter has been referred to this court for a recommendation and report.  The court recommends the Commissioner's decision be REVERSED and the case be REMANDED for further proceedings in accordance with this opinion.

**I.   Background**

Plaintiff applied for disability insurance benefits alleging inability to work since Mar. 31, 2001.  (R. 331, 53-

56).  The application was denied initially and upon reconsideration (R. 15, 16), and plaintiff requested review before an Administrative Law Judge (ALJ).  (R. 27-28).  At the ALJ hearing, held on July 7, 2004, testimony was taken from a vocational expert and from plaintiff, who was represented by counsel.  (R. 331, 283-327).

On July 30, 2004, the ALJ filed a decision in which he found plaintiff is not disabled within the meaning of the Act, and denied her application.  (R. 331-36).  He found that plaintiff has not engaged in substantial gainful activity since her alleged date of disability onset.  (R. 331-32).  The ALJ found that plaintiff has severe right knee impairments, but that her other impairments, including hepatitis C, rheumatoid arthritis, hypertension, and reactive airway's disease are not "severe" within the meaning of the Act.  (R. 332).  For his step three evaluation, the ALJ found that plaintiff's right knee pathology "does not met [sic] or equal a listing level of severity under the criteria contained in the listing of impairments, Appendix 1, Subpart P, Regulations No. 4."  <u>Id.</u>

The ALJ found plaintiff's testimony not credible (R. 332-34, 335 finding no. 4), reviewed the medical evidence (R. 332-34), and discounted the medical opinion of a physician.  (R.

333).  He concluded that plaintiff has the residual functional capacity (RFC) to lift, carry, push, or pull ten pounds frequently; sit for six to eight hours of a workday; stand or walk for two hours of a workday;[1] must be allowed to alternate sitting or standing at will; can occasionally climb stairs; and cannot crawl, stoop, kneel, crouch, work at heights, work around moving machinery or hazards, or work in extremes of temperature or in high humidity.  (R. 334).  The ALJ found that plaintiff is unable to perform her past relevant work and has no skills transferable to other work within her RFC.  Id. Based upon testimony of the vocational expert and plaintiff's age, education, RFC, and work experience, the ALJ found that plaintiff is capable of performing other jobs in the economy such as cashier, security systems monitor, and information

---

[1] The ALJ stated that plaintiff "can sit for 2 hours total in an 8 hour work day, and stand or walk for 6 to 8 hours in an 8 hour work day."  (R. 334).  However, the ALJ found that plaintiff has the RFC for a range of sedentary work, and included that ability in his hypothetical questioning of the vocational expert.  (R. 323-25, 334, finding no. 9). Sedentary work would require sitting, standing, and walking ability consistent with those noted above while the limitations stated in the decision more closely approximate the abilities required for light work.  20 C.F.R. § 404.1567 (2004).  Plaintiff concedes the ALJ intended sitting, standing, and walking limitations as noted above, (Pl. Br., 13, n.1) and the court finds the ALJ intended these limitations.

clerk.  Id.  Therefore, he found that plaintiff is not disabled as defined in the Act, and denied her application.

Plaintiff sought and was denied Appeals Council review of the decision.  (R. 8-14).  Thus, the ALJ's decision is the final decision of the Commissioner.  (R. 8); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003).  Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C. § 405(g).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion.  Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)).  The determination of whether

substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. § 404.1520 (2004); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. The Commissioner next assesses claimant's RFC. 20 C.F.R. § 404.1520. This assessment is used at both step four and step five of the evaluation process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims error in evaluating whether plaintiff's condition meets or equals the severity of Listing 1.02. (Pl. Br., 9-10). Plaintiff also makes cursory claims that the ALJ erred in finding plaintiff's hepatitis C and rheumatoid

-6-

arthritis not severe, in evaluating credibility, in assessing RFC, and in failing to include all limitations in the hypothetical question presented to the vocational expert. (Pl. Br., 11-13). Plaintiff concludes by requesting that the court reverse and remand for an immediate award of benefits. (Pl. Br., 14). The Commissioner argues that the ALJ was correct in finding that Listing 1.02 is not met, because "the record does not support a finding of an inability to ambulate effectively." (Comm'r Br., 5). She argues that the ALJ properly performed each determination at issue and that substantial evidence on the record as a whole supports each determination, and that the decision should be affirmed. Finding error as a matter of law in the ALJ's step three analysis, the court recommends remand for a proper evaluation, and comments only briefly on the other alleged errors.

### III.     Step Three Evaluation

Plaintiff claims the ALJ erred at step three by failing to properly analyze plaintiff's impairments in relation to Listing 1.02, and by failing to explain his determination that plaintiff does not meet the criteria of the listing despite counsel's assertion at the hearing that plaintiff's condition meets the listing. The Commissioner argues that plaintiff does not meet Listing 1.02 because she has not shown an

inability to ambulate effectively and, therefore, the ALJ correctly found that plaintiff's condition does not meet or equal a listing. (Comm'r Br., 5-6).

The Commissioner has provided a "Listing of Impairments" which describes certain impairments she considers disabling. 20 C.F.R. § 404.1525(a); see also, Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. Bowen v. Yuckert, 482 U.S. 137, 141 (1987); Williams, 844 F.2d at 751. However, plaintiff "has the burden at step three of demonstrating, through medical evidence, that h[er] impairments 'meet all of the specified medical criteria' contained in a particular listing." Riddle v. Halter, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in Zebley)).

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" Zebley, 493 U.S. at 532-33 (emphasis in original) (citing 20

C.F.R. § 416.925(a) (1989)).  The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." Yuckert, 482 U.S. at 153.  "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively."  Caviness v. Apfel, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

The Tenth Circuit and this court have recognized that an ALJ must identify the relevant listings he considered and set out specific findings and reasons for finding whether plaintiff's impairments meet or equal the listings.  Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996); Bolan v. Barnhart, 212 F. Supp. 2d 1248, 1258 (D. Kan. 2002).  When an ALJ fails to identify the relevant listings and explain why the listing is not met or equaled, the decision is "beyond meaningful judicial review."  Clifton, 79 F.3d at 1009.  However, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).

Here, the ALJ and plaintiff's counsel discussed the Listing:

>     ATTY:      I think she meets listing 1.02, which
>                considers an impairment where you have
>                major dysfunction of a weight-bearing joint
>                characterized by deformity and pain and
>                stiffness and supported by acceptable
>                imaging.  And she's got that -- I -- I
>                don't have an MD, but I'm pretty sure that
>                she meets that one.
>
>     ALJ:       Okay.  Well, I'm going to put you to
>                your proof.  You're going to have to
>                practice what you preach.

(R. 293).  Plaintiff put the ALJ on notice of her belief that she meets Listing 1.02.

The decision's complete discussion regarding step three of the sequential evaluation process consists of one sentence: "Claimant's right knee pathology does constitute a severe impairment but it does not met [sic] or equal a listing level severity under the criteria contained in the listing of impairment, Appendix 1, Subpart P, Regulations No. 4."  (R. 332).  The decision neither mentions any specific Listing considered nor identifies any criterion of a Listing which is not met.

This is reversible error.  The court's duty is to review <u>the Commissioner's decision</u> and determine whether substantial evidence in the record supports that decision.  Here, the court is unable to determine whether the ALJ considered Listing 1.02 and, if so, what criterion or criteria of the listing are not met or equaled by plaintiff's condition.  The

-10-

court cannot determine whether substantial evidence supports a decision if it does not know what the decision is.  Such a decision is "beyond meaningful judicial review."  Clifton, 79 F.3d at 1009.

The Commissioner argues that the evidence in the record supports finding that plaintiff has not met the criterion "inability to ambulate effectively."  (Comm'r Br., 5-6).  However, as noted above, the decision does not mention Listing 1.02 and gives no clue what criterion (including "inability to ambulate effectively") the ALJ determined is not met.  Therefore, the Commissioner's argument is mere post hoc rationalization--and not the ALJ's rationale--which the court may not consider in its review of the decision.  Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  The court "may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004); and SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)).  Remand is necessary for the Commissioner to weigh the evidence, determine whether plaintiff meets or equals the criteria of

Listing 1.02, and explain how the evidence supports her decision.

### IV. Plaintiff's Remaining Claims of Error

Plaintiff claims that her rheumatoid arthritis and hepatitis C are severe impairments because they interfere with her ability to work. To establish a "severe" impairment at step two of the sequential evaluation process, plaintiff must make only a "de minimis" showing. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities. Williams, 844 F.2d at 751; see also 20 C.F.R. § 404.1521 (discussing "basic work activities"). However, she must show more than the mere presence of a condition or ailment. Id. (citing Yuckert, 482 U.S. at 153). Here, plaintiff does not explain what basic work activities are affected by her rheumatoid arthritis or hepatitis C. On remand, the Commissioner may allow her to further develop her step two argument.

Plaintiff's credibility argument is a single, three-sentence paragraph making only general allegations regarding the ALJ's analysis. The court will not speculate regarding the evidence or craft plaintiff's arguments for her. Threet, 353 F.3d at 1190 (declining to speculate on what evidence

-12-

appellant claimed was ignored); Perry v. Woodward, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (stating court "will not craft a party's arguments for him"); Heimerman v. Chater, 939 F. Supp. 832, 835 (D. Kan. 1996) (refusing to speculate as to plaintiff's justifications or to construct arguments on plaintiff's behalf).  Plaintiff points to no specific error in the credibility determination.

Plaintiff claims error in the ALJ's RFC assessment, arguing that she cannot sit six hours a day, stand two hours a day, or climb stairs without assistance.  Plaintiff's argument points to no evidence from which one might conclude that she does not have the capacities at issue.  The court will not speculate on what evidence plaintiff believes supports her argument.  Plaintiff's argument regarding the hypothetical questions is based upon her RFC argument and the court, therefore, will not speculate on how the hypothetical questions may be erroneous.  Plaintiff may seek to develop her arguments before the Commissioner on remand.

**V.   Immediate Award of Benefits.**

Plaintiff seeks remand for an immediate award of benefits, arguing that the evidence clearly shows her knee impairments meet the requirements of Listing 1.02.  (Pl. Br., 14).  Whether to remand the case for additional fact-finding

or for an immediate award of benefits is within the discretion of the district court. Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)).

Where remand for additional fact-finding would serve no useful purpose, the court may order an immediate award. Sorenson v. Bowen, 888 F.2d 706, 713 (10th Cir. 1989). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

Here, the ALJ failed to evaluate the evidence regarding his step-three determination. Therefore, the record has not been fully developed whether plaintiff's condition meets or equals Listing 1.02. To determine whether plaintiff's condition meets or equals Listing 1.02, the court would be required to weigh the evidence in the first instance. That it may not do. It is inappropriate on this state of the record to remand for an immediate award of benefits.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED, and that judgment be entered REMANDING

the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 6th day of September 2005, at Wichita, Kansas.

s/John Thomas Reid

**JOHN THOMAS REID**
**United States Magistrate Judge**